ADAMS *v.* STATE OF INDIANA.

[No. 30,659. Filed January 10, 1968.]

Samuel J. Kagan, of Martinsville, for appellant.

John J. Dillon, Attorney General, and Kenneth M. Waterman, Deputy Attorney General, for appellee.

MOTE, J.—Appellant was charged by indictment with the commission, on March 12, 1964, of the crime of perjury; he pleaded not guilty and at trial, the jury found him guilty as charged. Motions for directed verdict filed at the close of the State's evidence and at the close of all the evidence were filed and overruled.

Appellant's motion for new trial was filed and overruled, resulting in this appeal. Judgment was rendered upon the verdict, sentencing Appellant to the Indiana State Prison at Michigan City for not less than one (1) nor more than ten (10) years. Omitting the formal parts, the Assignment of Errors is as follows:

> "The Appellant avers that there is manifest error in the Judgement proceedings of this Cause which is prejudicial to the Appellant in this:
>
> 1. The Trial Court erred in overruling Appellant's (Defendant's) Motion or a New Trial.
>
> 2. Error in law occurring at the trial, in this, that the Court permitted the witness, Robert Earl Boltinghouse, to answer, over Appellant's objection, the questions put to him by the Prosecuting Attorney upon direct examination.
>
> 3. Error of law occuring at the trial, in this, to wit: That the Court erred in refusing to give instructions numbered 6, 7 and 8 tendered by Appellant.

4. That the Trial Court erred in overruling Appellant's (Defendant's) Motion for a Directed Verdict at the close of State's evidence.

5. That the verdict of the jury is contrary to law.

6. That the verdict of the jury is not sustained by sufficient evidence."

The lengthy indictment against Appellant, omitting the caption and formal parts, is as follows:

"The GRAND JURORS OF MORGAN COUNTY, in the State of Indiana, good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies, and certain misdemeanors in and for the body of said County of Morgan in the name and by the authority of the State of Indiana, on their oaths present that the Delmar Adams, late of said County, on the 12th day of March, A.D. 1964, at said County and State aforesaid, did then and there appear and testify as a witness for and on behalf of Winona Dearing, in the case for damages in which the said Winona Dearing was Plaintiff and Hanna J. Hicks, being the defendant, and the same cause being docketed in the Morgan Circuit Court under the number of C 63 C 177 said cause being then and there at issue and being tried before the Hon. John E. Sedwick, Jr., Judge of the Morgan Circuit Court, in and for the Morgan Circuit Court, said Delmar Adams having heretofore being duly sworn upon his oath, by Elsie Hardwick, the duly qualified and acting reporter of the Morgan Circuit Court, as by law provided, and after being so sworn, said Delmar Adams was duly examined and asked if one Robert Earl Boltinghouse was with him the said Delmar Adams, at or near the intersection of Shelby Street and Raymond Street, City of Indianapolis, Indiana, at the time of an accident allegedly between two motor vehicles, one driven by the Plaintiff and one by the Defendant on the 21st day of May, 1961, such inquiry was relevant and had become material to the issue on trial and said Delmar Adams who theretofore been sworn as a witness, as aforesaid, and having theretofore taken a lawful oath, as aforesaid, in said Judicial proceeding in which an oath or affirmation was required by law, did then and there in the trial of said cause in the Morgan Circuit Court as aforesaid, feloniously, willfully, corruptly and falsely in a matter relevant and material to said issue did depose, swear and testify in substance, among other things, that said Robert Earl

Boltinghouse was present with him the said Delmar Adams at or near the intersection of Raymond Street and Shelby Street, in the City of Indianapolis, Indiana, on May 21, 1961, whereas in truth and fact as he the said Delmar Adams well knew that said Robert Earl Boltinghouse was not then and there with him the said Delmar Adams at the Intersection of Raymond Street and Shelby Street in the City of Indianapolis, Indiana, on May 21, 1961, and the Grand Jurors as aforesaid, on their oaths as aforesaid, do present and charge that Delmar Adams in the manner and form as aforesaid, and at the time as aforesaid, did feloniously, willfully, corruptly and falsely commit willful and corrupt Perjury, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On page 36 of his brief, Appellant begins to set forth what he designates as "EXHIBIT A TESTIMONY OF ROBERT EARL BOLTINGHOUSE." Not all of such testimony recorded in his brief was given at the trial; some of it was presented from a recordation of evidence at the previous personal injury trial at which Appellant and Boltinghouse appeared as witnesses and apparently falsely testified that they had observed the occurrence which brought about the alleged personal injuries.

Subsequent to Boltinghouse's said testimony, he was called back to the witness stand and then and thereupon he corrected his testimony, admitting that he had in fact not been a witness to the occurrence; that at the time, to-wit: May 21, 1961, he was serving a sentence at the Indiana State Farm. It reasonably is inferred that Appellant induced Boltinghouse to sign "accidental forms," likewise signed by Appellant.

Appellant's brief does not record evidence other than the testimony of Boltinghouse and although Appellant asserts that he is not guilty, as charged, under the Doctrine of Recantation, we find no evidence in his brief which would assist him in reliance upon that Doctrine, even though it may not yet have been accepted in our jurisdiction. Because of the complete lack of evidence of how, when and where the bald assertion that Appellant did recant, it is not

incumbent upon us here to determine whether the recantation is a defense in Indiana.

On page 72 of his brief, Appellant contends that "it was error for the Court to permit the witness, Robert Earl Boltinghouse, to testify, over appellant's objection." The objection, if any, does not follow. However, beginning at page 33 of his brief, in his Motion for New Trial, he asserts as follows:

"(1) Error of law occuring at the trial, in this, that the Court permitted the witness Robert Earl Boltinghouse to answer, over Defendant's objection the following question put to him by the prosecuting attorney upon direct examination, which question, objection, ruling of the court and answer are as follows:

H. I. EXHIBIT A."

As above stated, Exhibit A concerns the testimony of Witness Boltinghouse.

There was ample, substantial evidence of probative value by the only witness, Boltinghouse, to permit the finding of Appellant's guilt and there is no other evidence, summarized or otherwise, contained in the brief. While it may be possible to infer that Appellant took the witness stand in his own defense, and that he attempted to correct his previous testimony in the personal injury case, this does not appear as a fact.

At page 35 of his brief, Appellant says:

"Under the defense advanced by the defendant there is no denial, on the part of the defendant, of the commission of the misdeed of giving false testimony. On the contrary defendant by his recantation and correction of his false testimony in fact admitted the commission of the offense. The defendant by telling the truth and correcting previous false testimony purged himself of the commission of the offense, and of any possible willful and criminal intent.

It is fair to conclude that Boltinghouse, before he admitted that he was not present at the scene of the occurrence, was

pressured into doing so after he recognized someone from the Indiana State Farm was present in court and who might testify to the truth that he, Boltinghouse, was at the State Farm at the time of said occurrence. If Appellant in fact did recant, as he says, evidence or testimony of such doubtless would have been admissible for the jury to consider in its deliberation and determination of guilt or innocence. It would not follow, as a matter of law, that he would be entitled to acquittal. Absent the evidence, we must conclude that Appellant has not demonstrated error in the admission of the evidence of Boltinghouse in the refusal of tendered instructions 6, 7 and 8.

See Burns' § 10-3801, 1956 Repl., for the statutory definition of perjury. The record herein and as set forth in Appellant's brief indicates the validity of the verdict and resulting judgment.

Judgement affirmed.

Lewis, C. J., Hunter and Arterburn, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 232 N. E. 2d 608.